IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**TYLER J. CARROLL,**

      **Plaintiff,**

v.                                      **Civil Action No:** 2:22-cv-00392

**WEST VIRGINIA
HEATING & PLUMBING CO.,**

      **Defendant.**

## COMPLAINT

Plaintiff, Tyler J. Carroll alleges and states the following:

1. This is an action brought by the plaintiff Tyler J. Carroll to recover damages due and owing under Federal law known as the Fair Labor Standards Act for failure to pay appropriate wages as required by law. The plaintiff seeks money damages for wages that were not paid as required by **29 U.S.C. § 207**, Fair Labor Standards Act (Maximum hours), liquidated damages equal to the amount owed, costs, injunctive relief, attorneys' fees, and other relief as a result of defendant West Virginia Heating & Plumbing Co.'s commonly applied policy and practice of not paying overtime in violation of federal and state wage and hour laws.

2. That in addition to the individual action brought by the plaintiff this is a proposed collective action under **29 U.S.C. §216(b)**, for money damages, liquidated damages equal to the amount owed, costs, injunctive relief, attorneys' fees, and other relief as a result of Defendant's commonly applied policy and practice of designating Plaintiff and other similarly situated employees who were not paid overtime in violation of federal wage and hour laws.

3. Plaintiff sues on behalf of himself and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under **29 U.S.C. § 216(b)**, sometimes referred to as an "opt-in class action".  Plaintiff and the putative class are similarly situated in that they are all subject to Defendant's common plan or practice of not paying overtime wage and other violations of said Act.

4. That this is also an action for common law fraud and deception, for outrageous and oppressive conduct, for punitive damages, and for attorney's fees, based on the conduct and fraudulent actions of West Virginia Heating & Plumbing Co. which occurred on or about the time that the plaintiff, Tyler J. Carroll gave notice of his Workers' Compensation claim for an injury that occurred on May 4, 2021 and continues to this date.

5. That the plaintiff, Tyler J. Carroll, at all times material hereto, was a citizen and resident of Kanawha County, West Virginia, and was employed by West Virginia Heating & Plumbing Co.

6. That at all times alleged herein, the defendant, West Virginia Heating & Plumbing Co., was a West Virginia corporation and is qualified to do business and is doing business in the Southern District of West Virginia, and further, defendant West Virginia Heating & Plumbing Co. operates a place of business within the jurisdiction of this Court.

7. That at all times alleged herein the defendant, West Virginia Heating & Plumbing Co. is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

8. The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of **28 U.S.C. § 1331** because it raises questions under the **Federal Fair Labor Standards Act, 29 U.S.C. § 216(b)**.

9. Venue is proper in this district pursuant to **28 U.S.C. § 1391(b)(c)** because the defendant, West Virginia Heating & Plumbing Co. may be found in this district and the challenged conduct occurred in West Virginia.

10. The plaintiff Tyler J. Carroll worked as a plumber for the defendant, West Virginia Heating & Plumbing Co. out of the Plumbers and Pipefitters Local Union 625.

11. That the Plumbers and Pipefitters Local Union 625's jurisdiction that plaintiff Tyler J. Carroll worked from was defined as the following 14 counties: Boone, Clay, Fayette, Greenbrier, Kanawha, Mercer, Monroe, Nicholas, Pocahantas, Putnam, Raleigh, Roane, Summers, and Webster.

12. That the defendant, West Virginia Heating & Plumbing Co.'s principal place of business is located in South Charleston, West Virginia, and most of its business is performed in the area set forth above in Paragraph #7.

13. That the defendant, West Virginia Heating & Plumbing Co. obtained a contract to perform plumbing work at the Joseph F. Weis, Jr. United States Courthouse in Pittsburgh, Pennsylvania.

14. That in order to perform the work, the defendant West Virginia Heating & Plumbing Co. obtained permission from the local union in the Pittsburgh area to send employees from Plumbers and Pipefitters Local Union 625 to Pittsburgh to perform plumbing services at the Joseph F. Weis, Jr. United States Courthouse in Pittsburgh, Pennsylvania.

15. That as part of said services provided in Pittsburgh, the defendant West Virginia Heating & Plumbing Co. provided tools, material, and a van or truck for which the defendant, West Virginia Heating & Plumbing Co. received compensation.

16. That because the tools, material, and van were required for the job at the Joseph F. Weis, Jr. United States Courthouse in Pittsburgh, Pennsylvania, the plaintiff, Tyler J. Carroll, was required to drive a West Virginia Heating & Plumbing Van containing the tools and material needed to complete the work at the Joseph F. Weis, Jr. United States Courthouse to Pittsburgh and then drive the West Virginia Heating & Plumbing Van back to Charleston, West Virginia, all for the benefit of the defendant, West Virginia Heating & Plumbing Co.

17. That Mary Beth Johnson is the President and Owner of the defendant, West Virginia Heating & Plumbing Co.

18. That Mary Beth Johnson as President and Owner of the defendant West Virginia Heating & Plumbing Co. testified in a separate legal proceeding that she did not pay the plaintiff, Tyler J. Carroll for the time he spent driving the defendant West Virginia Heating & Plumbing Co.'s Van from Charleston, West Virginia to Pittsburgh, Pennsylvania and from Pittsburgh, Pennsylvania to Charleston, West Virginia for a West Virginia Heating & Plumbing Co.'s job assignment.

19. That Mary Beth Johnson testified that she expected the plaintiff, Tyler J. Carroll, to "donate his time" to the company when driving the company van as set forth herein.

20. That the plaintiff, Tyler J. Carroll has driven the van on multiple occasions to Pittsburgh, Pennsylvania and back to Charleston, West Virginia to perform job duties on behalf of defendant West Virginia Heating & Plumbing Co. for which West Virginia Heating & Plumbing Co.'s President and Owner Mary Beth Johnson testified in a

pending Workers' Compensation Case involving the plaintiff, Tyler J. Carroll that in fact Tyler J. Carroll was not paid.

21. That all of the trips in which the plaintiff, Tyler J. Carroll was required to drive from Charleston, West Virginia to Pittsburgh, Pennsylvania to perform job duties on behalf of defendant West Virginia Heating & Plumbing Co. were outside the plaintiff, Tyler J. Carroll's normal work area.

22. That the plaintiff Tyler J. Carroll was under the impression that he had been paid for his time spent driving to and from Pittsburgh, Pennsylvania prior to the testimony of Mary Beth Johnson except for a return trip on May 4, 2021 in which he was injured while on the job.

23. That Mary Beth Johnson, in an attempt to avoid a Worker's Compensation Claim, has refused to pay the plaintiff, Tyler J. Carroll for his return trip from Pittsburgh, Pennsylvania on May 4, 2021 because he was injured while driving a West Virginia Heating & Plumbing Co. Van and transporting West Virginia Heating & Plumbing Co. tools and supplies back to West Virginia Heating & Plumbing Co.

24. That Mary Beth Johnson, on behalf of West Virginia Heating & Plumbing Co. has falsely claimed that the plaintiff, Tyler J. Carroll was not on the job for his return trip from Pittsburgh, Pennsylvania on May 4, 2021.

25. That **29 CFR § 785.41** states any work which an employee is required to perform while traveling must be counted as hours worked. An employee who drives a truck, bus, automobile, boat, or airplane, or an employee who is required to ride therein as an assistant or helper, is working while riding, except during bona fide meal periods or when he is permitted to sleep in adequate facilities furnished by the employer.

26. That traveling as set forth herein is when an employee is required to travel outside of the employee's normal work area.

5

27. That the hours that Mary Beth Johnson testified that she did not pay the plaintiff, Tyler J. Carroll were hours that would constitute work commonly known as overtime.

28. That the defendant West Virginia Heating & Plumbing Co. was fully aware of the exact duties and responsibilities assigned to plaintiff Tyler J. Carroll and knew or should have known that it was therefore illegal not to pay the plaintiff, Tyler J.Carroll for work being performed on behalf of defendant West Virginia Heating & Plumbing Co., including maximum hour wages (commonly known as overtime).

29. That during these times, defendant West Virginia Heating & Plumbing Co. was also fully aware of the law regarding the payment of maximum hour wages (commonly known as overtime).

30. Despite this knowledge, defendant West Virginia Heating & Plumbing Co. willfully failed and refused to correct its illegal actions and to pay wages that were due including maximum hour wages (commonly known as overtime) to said plaintiff.

31. That the plaintiff, Tyler J. Carroll, began employment with the defendant, West Virginia Heating & Plumbing Co. on January 21, 2019, and was employed when he was injured while on the job on May 4, 2021.

32. That without limitation the defendant West Virginia Heating & Plumbing Co. made the following specific wage and hour violations.
    a. Failure to pay wages for hours actually worked;
    b. Failure to pay overtime wages.

33. That the defendant, West Virginia Heating & Plumbing Co. in violation of Federal law failed to pay plaintiff Tyler J. Carroll wages and benefits due and owing, which were earned by said plaintiff.

## COUNT ONE
## INDIVIDUAL CLAIM FOR VIOLATION OF THE
## FAIR LABOR STANDARDS ACT

34. That the preceding paragraphs are realleged as if restated herein.

35. Based on the foregoing, defendant West Virginia Heating & Plumbing Co.'s conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles plaintiff Tyler J. Carroll to compensation for all hours in which he was not paid, overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT TWO
## COLLECTIVE ACTION CLAIM FOR
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON
## BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY
## SITUATED EMPLOYEES, CURRENT OR FORMER

36. That the preceding paragraphs are realleged as if restated herein.

37. Based on the foregoing, defendant West Virginia Heating & Plumbing Co.'s conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles plaintiff Tyler J. Carroll to compensation for all hours in which he was not paid, overtime hours worked, liquidated damages, attorneys' fees and court costs.

38. That to the extent that defendant West Virginia Heating & Plumbing Co. has failed to pay other employees for trips to and from Pittsburgh, Pennsylvania or any other job assignment outside of the normal work area those employees are entitled to any and all wages that would be due and owing.

## COUNT III
## COMMON FRAUD

39. That the preceding paragraphs are realleged as if restated herein.

40. That on May 4, 2021 the plaintiff, Tyler J. Carroll was driving a Van on behalf of the defendant West Virginia Heating & Plumbing Co. back from Pittsburgh, Pennsylvania to Charleston, West Virginia.

41. That while on said trip the plaintiff, Tyler J. Carroll was involved in an accident which resulted in multiple fractures resulting in an above-the-knee amputation of his left leg, right leg tib-fib fracture, right and left arm fractures, and a skull fracture, all of which were life-threatening injuries as a result of the vehicle crash.

42. That as a direct result of the costs associated with such catastrophic injuries, the defendant West Virginia Heating & Plumbing Co. decided to fraudulently claim plaintiff Tyler J. Carroll was not on the job at the time of his injury in order to deny wages to the plaintiff Tyler J. Carroll for the work that he was performing at the time of his injury.

43. That defendant West Virginia Heating & Plumbing Co. was aware that if the plaintiff, Tyler J. Carroll was paid the wages he was due and owed, that defendant West Virginia Heating & Plumbing Co. would not be able to claim that plaintiff was not entitled to Workers' Compensation on the basis that he was not on the job at the time of his injury.

44. That at the time that the plaintiff Tyler J. Carroll was injured, he was on the job and entitled to wages as a matter of law.

45. That in fact defendant West Virginia Heating & Plumbing Co. paid wages to the plaintiff, Tyler J. Carroll for driving to Pittsburgh, Pennsylvania and in addition, paid wages to a fellow employee, Leonard "Ernie" Bragg, who was riding in the van as a co-employee.

46. That in order to fraudulently claim that the plaintiff Tyler J. Carroll was not on the job and entitled to wages when he was driving the van from Pittsburgh, Pennsylvania to Charleston, Wes Virginia, the defendant West Virginia Heating & Plumbing Co. had plaintiff Tyler J. Carroll's co-worker, Leonard "Ernie" Bragg, come to the corporate headquarters and sign an affidavit that he was not on the job and entitled to wages

while traveling to and from Charleston, West Virginia to the out of area job in Pittsburgh, Pennsylvania.

47. That prior to signing said affidavit, Leonard "Ernie" Bragg was informed by the defendant West Virginia Heating & Plumbing Co. and/or its agents that he was not entitled to wages under Federal Law while traveling as set forth herein.

48. That said affidavit of Leonard "Ernie" Bragg also stated that he had not been paid for driving to the job site.

49. That on May 3, 2021, Leonard "Ernie" Bragg rode as a passenger with the plaintiff, Tyler J. Carroll to Pittsburgh, Pennsylvania.

50. That Leonard "Ernie" Bragg turned in a payment request to defendant West Virginia Heating & Plumbing Co. for May 3, 2021 to be paid for ten (10) hours of work which include the time spent riding as a passenger to Pittsburgh, Pennsylvania.

51. That the defendant West Virginia Heating & Plumbing Co. was aware at the time of the affidavit that Leonard "Ernie" Bragg had been paid for traveling to Pittsburgh, Pennsylvania.

52. That even though Leonard "Ernie" Bragg, an employee of defendant West Virginia Heating & Plumbing Co., was paid for his travel to Pittsburgh, Pennsylvania, defendant West Virginia Heating & Plumbing Co. arranged to have Lenoard "Ernie" Bragg sign a sworn affidavit wherein he testified he was not paid for travel to and from Pittsburgh, Pennsylvania to Charleston, West Virginia so as to continue to perpetrate the fraud that the plaintiff, Tyler J. Carroll was not due wages for the work he performed.[1]

53. That at times herein the defendant West Virginia Heating & Plumbing Co. knew that the plaintiff, Tyler J. Carroll was entitled to wages for the work he was performing

---

[1] See Exhibit 1 – Affidavit of Leonard Ernie Bragg, November 8, 2021

9

while on the job and that they manipulated testimony and the facts related to said entitlement in order to deny wages to the plaintiff, Tyler J. Carroll.

54. That the sole purpose of denying wages to the plaintiff, Tyler J. Carroll was so that the defendant could falsely represent that plaintiff, Tyler J. Carroll was not on the job at the time of his injury and therefore not entitled to Workers' Compensation benefits.

**WHEREFORE**, the plaintiff demands:

a. Judgment against the defendant for an amount equal to the loss of all wages, plus interest;

b. Liquidated damages;

c. General damages related to the fraud count.

d. Punitive damages related to the fraud count.

e. Attorney fees and costs; and

f. Such further equitable and legal relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**.

**TYLER J. CARROLL**
**By Counsel**

_____
**J. Michael Ranson State Bar # 3017**
**Cynthia M. Ranson State Bar # 4983**
RANSON LAW OFFICES PLLC
1562 Kanawha Blvd., East
Charleston, West Virginia 25311
(304) 345-1990
jmr@ransonlaw.com
cmr@ransonlaw.com

Counsel for plaintiff